IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUREEN MARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 1246 |
| | ) |
| ALLIANCEONE RECEIVABLES MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Attached to this memorandum order are photocopies (1) of this Court's September 18, 2015 e-mail to counsel for the parties and (2) of the September 22 e-mail from counsel for plaintiff Maureen Mark ("Mark") responding to that initial e-mail. In accordance with that response from Mark's counsel, the motion for leave to dismiss her Complaint voluntarily with prejudice (and consequently to dismiss this action with prejudice) is granted. In consequence of that disposition, which terminates this action, the unopposed Motion for Summary Judgment that had been filed by defendant AllianceOne Receivables Management, Inc. ("AllianceOne") (Dkt. No. 24) is simply denied as moot, and the previously-set October 13, 2015 status hearing is vacated.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 24, 2015



**Mark v. AllianceOne Receivables, Case No. 15 C 1246**
Milton Shadur  to: bthompson, jmorrissey     09/18/2015 11:03 AM
Sent by: Mary Ann Braasch

From: Milton Shadur/ILND/07/USCOURTS
To: bthompson@woodfinkothompson.com, jmorrissey@pilgrimchristakis.com

Dear Counsel:

    As you know, when defense counsel tendered his motion for summary judgment papers to me yesterday morning (a motion that had been noticed up for presentment today), I set an October 8 response date for plaintiff's counsel. Since then I have read the motion and its supporting materials (including the opinions by two of my colleagues, Judges Castillo and St. Eve), and it struck me that I ought to add something to the oral comments that I made during yesterday's status hearing.

    As Judge St. Eve's July 15 opinion in <u>Davis v. MRS BPO, LLC</u> reflected, she relied in substantial part on an opinion of mine in a case that had been brought against the same defendant. My earlier opinion was rendered in mid-March of this year, and I had not then considered it for publication, a determination based on the principle that District Court opinions are nonprecedential and therefore have force only to the extent that a later judge may find them persuasive. It was only after a couple of virtually identical later cases were randomly assigned to my calendar that I decided to send my <u>Sampson v. MRS BPO</u> opinion in for publication (one other practical reason for the public distribution of a District Judge's opinions is to apprise the practicing bar of that judge's perception of an issue that arises with some frequency).

    Accordingly I refer each of you to my opinion in <u>Sampson v. MRS BPO, LLC</u>, --- F.Supp.3d ---, 2015 WL 4613067 (N.D. Ill. March 17) because of the possibility that in light of what I said in <u>Sampson</u> and then more briefly yesterday morning, plaintiff's counsel might decide that filing a memorandum in opposition to the summary judgment motion could be an exercise in futility. That of course is a decision for counsel to make -- but if he were to determine that an effort to oppose the motion is not worthwhile under the circumstances, he should so advise both defense counsel and me.

*/s/ Milton I. Shadur*

Milton I. Shadur
Senior United States District Judge

ATTACHMENT 1



**Re: Mark v. AllianceOne Receivables, Case No. 15 C 1246**

Bryan Thompson to: Milton_Shadur 09/22/2015 03:23 PM
Cc: James Morrissey

From: Bryan Thompson <bthompson@woodfinkothompson.com>
To: <Milton_Shadur@ilnd.uscourts.gov>
Cc: James Morrissey <jmorrissey@pilgrimchristakis.com>

Dear Judge Shadur,

I am writing in response to your email sent to myself and Mr. Morrissey, attorney for Defendant, on September 18, 2015. After discussion with our client, a review of the cases you discussed at the status hearing on 9/17/15 and in your email of 9/18/15 and after reviewing Defendant's Motion for Summary Judgment, we will not be opposing Defendant's Motion. I would propose we be given leave to voluntarily dismiss our complaint with prejudice, but in either event will not be opposing Defendant's Motion. Please let me know how you propose we proceed.

Sincerely,

- **Bryan P. Thompson**
**Wood Finko & Thompson P.C.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Main: (312) 757-1880
Direct/Cell: (630) 664-6424
Fx: (312) 265-3227
bthompson@woodfinkothompson.com
www.woodfinkothompson.com

On Fri, Sep 18, 2015 at 11:03 AM, <Milton_Shadur@ilnd.uscourts.gov> wrote:
Dear Counsel:

As you know, when defense counsel tendered his motion for summary judgment papers to me yesterday morning (a motion that had been noticed up for presentment today), I set an October 8 response date for plaintiff's counsel. Since then I have read the motion and its supporting materials (including the opinions by two of my colleagues, Judges Castillo and St. Eve), and it struck me that I ought to add something to the oral comments that I made during yesterday's status hearing.

As Judge St. Eve's July 15 opinion in Davis v. MRS BPO, LLC reflected, she relied in substantial part on an opinion of mine in a case that had been brought against the same defendant. My earlier opinion was rendered in mid-March of this year, and I had not then considered it for publication, a determination based on the principle that District Court opinions are nonprecedential and therefore have force only to the extent that a later judge may find them persuasive. It was only after a couple of virtually identical later cases were randomly assigned to my calendar that I decided to send my Sampson v. MRS BPO opinion in for publication (one other practical reason for the public distribution of a District Judge's opinions is to apprise the practicing bar of that judge's perception of an issue that arises with some

frequency).

    Accordingly I refer each of you to my opinion in <u>Sampson v. MRS BPO, LLC</u>, --- F.Supp.3d ---, 2015 WL 4613067 (N.D. Ill. March 17) because of the possibility that in light of what I said in <u>Sampson</u> and then more briefly yesterday morning, plaintiff's counsel might decide that filing a memorandum in opposition to the summary judgment motion could be an exercise in futility. That of course is a decision for counsel to make -- but if he were to determine that an effort to oppose the motion is not worthwhile under the circumstances, he should so advise both defense counsel and me.

*[signature]*

Milton I. Shadur
Senior United States District Judge